UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DANIEL S. FIERRO,**<br>**Plaintiff,**<br><br>v.<br><br>**KNIGHT TRANSPORTATION,**<br>**MIGUEL BORREGO,**<br>**RICK PEREZ, DAVID PAYNE, and**<br>**TERESA RUIZ**<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§  EP-12-CV-00218-DCG<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM ORDER

Presently before the Court is Defendant Knight Transportation, Inc.'s ("Knight") "Motion to Dismiss for Lack of Subject Matter Jurisdiction [and] for Failure to State a Claim upon Which Relief Can Be Granted and in the Alternative, Motion for a More Definite Statement" (ECF No. 16) filed on July 16, 2012 in the above-captioned cause of action. Plaintiff Daniel S. Fierro ("Fierro"), proceeding *pro se* and *in form pauperis*, brought this action against Knight and several individual defendants, alleging acts of discrimination in violation of (1) the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendment Act of 2008, Pub. L. No. 110–325, 122 Stat. 3553 (2008) ("ADAAA"), 42 U.S.C. §§ 12101 to 12213; (2) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17; and (3) the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Knight's motion, and GRANTS Fierro leave to amend his complaint.

## I. BACKGROUND

Fierro was employed by Knight as a truck driver since June 15, 2005. He alleges that he was discharged from Knight on July 20, 2011. Thereafter, on July 25, he filed charges with the Equal Employment and Opportunity Commission ("EEOC"), charging Knight with acts of discrimination in violation of Title VII, the ADAAA, and the ADEA. The EEOC sent Fierro a Right to Sue letter on March 13, 2012. Appearing *pro se*, Fierro brought this action on June 6, 2012, against Knight and individual defendants Miguel Borrego, Rick Perez, David Payne, and Teresa Ruiz—all of whom appear to be employees of Knight. Along with his complaint, he filed an application to proceed *in forma pauperis*, which was granted, and a motion for appointment of counsel, which was denied.[1] On July 16, Defendant Knight filed the instant motion to dismiss Fierro's complaint pursuant to, *inter alia*, Federal Rule of Civil Procedure 12(b)(6). Subsequently, Fierro filed a response to Knight's motion, and Knight filed a reply to the response. None of the individual defendants filed an answer or a Rule 12(b)(6) motion.

## II. STANDARD

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted. . . ." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, courts "must construe the complaint liberally in favor of the plaintiff and must take all facts pleaded as true." *Kane Entrs. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (internal quotations marks, brackets, and citation omitted). To determine whether a claim survives a Rule 12(b)(6) motion, courts engage in a two-step analysis.

---

[1] As initially filed, Fierro's action was before the Honorable District Judge Frank Montalvo, who transferred the case to the Court of the undersigned Judge on June 21, 2012.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 675–80 (2009); *see also Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010). First, courts review the complaint, separating assertions of fact from legal conclusions. *See Edwards*, 610 F.3d at 219. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Edwards*, 610 F.3d at 219 (internal quotation marks and citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (internal quotation marks and citation omitted). Whether a claim is plausible is context-specific, requiring "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Moreover, a court reviews *pro se* pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (explaining the standard).

### III. DISCUSSION

#### A. Plaintiff's ADAAA Claim Against Knight

The ADAAA prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Liberally construing Fierro's complaint, the Court

-3-

understands him to assert two claims: (1) failure to accommodate and (2) discriminatory discharge.

### 1. Failure to Accommodate

Discrimination under the ADAAA includes "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability" unless doing so "would impose an undue hardship" to the employer. 42 U.S.C. § 12112(b)(5)(A). To survive a Rule 12(b)(6) challenge to a failure-to-accommodate claim, a plaintiff must allege facts that plausibly suggest: (1) the employer is covered by the statute; (2) he is an individual with a disability; (3) he can perform the essential functions of the job with or without reasonable accommodation; and (4) the employer had notice of the disability and failed to provide accommodation. *See Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d Cir. 1995), *cited in Bridges v. Dep't of Soc. Servs.*, 254 F.3d 71, 2001 WL 502797, *1 (5th Cir. Apr.27, 2001) (unpublished); *Mzyk v. N. E. Indep. Sch. Dist.*, 397 F. App'x 13, 16 n.3 (5th Cir. 2010) (*per curiam*) (unpublished); *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005).

Fierro asserts that on a number of occasions, he requested Knight to grant him leave from work to seek medical attention for his health conditions. According to his charge of discrimination filed with the EEOC, *see United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint."), Fierro further requested that he not be "sent long distances Over-The-Road because of important medical appointments that [he] needed to keep." Compl. 10, ECF No. 3. *See* 42 U.S.C. § 12111(9)(B) (providing relevant reasonable accommodations include job restructuring, modified work schedules, or reassignment

-4-

to a vacant position). He alleges that Knight failed to comply with these requests and thereby discriminated against him on the basis of his disability.

Having carefully reviewed Fierro's complaint, the Court finds that the complaint is deficient in several respects. First, the complaint fails to allege a qualified "disability" under the ADAAA. To state an ADAAA claim, a plaintiff must, as a threshold requirement, allege facts supporting an inference that he has a "disability" within the meaning of the Act. *See Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003) (citations omitted). The ADAAA defines "disability" using three alternatives: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual—i.e., an actual disability; (B) a record of such an impairment—i.e., a record of disability; or (C) being regarded as having such an impairment—i.e., a regarded-as disability. 42 U.S.C. § 12102(1)(A)–(C). However, a failure-to-accommodate claim may not be based on a regarded-as disability. § 12201(h) ("A covered entity under [Title I of the ADA] . . . need not provide a reasonable accommodation . . . to an individual who meets the definition of disability in section 12102(1) of this title solely under subparagraph (C) of such section."); *Powers v. USF Holland, Inc.*, 667 F.3d 815, 823 n.7 (7th Cir. 2011); *Hohider v. UPS, Inc.*, 574 F.3d 169, 188 n.17 (3d Cir. 2009). Accordingly, Fierro must assert an actual or record-of disability.

Fierro avers that he has Adenoid Cystic Carcinoma, a form of cancer, and therefore, that he has an ADAAA disability. However, merely having cancer—which, though, may be an "impairment" as defined under the EEOC regulations[2]—is not enough to support an inference

---

[2] EEOC regulations define a physical impairment as "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine" 29 C.F.R. § 1630.2(h)(1).

that Fierro has an actual disability. *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 190–91 (5th Cir. 1996) (finding that breast cancer and treatment therefor did not substantially limit the major life activity of working). Fierro is required to plead facts giving rise to an inference his cancer substantially limits one or more of his "major life activities."[3] 42 U.S.C. § 12102(1)(A). Because Fierro's complaint fails to do so, it fails to state an actual disability as defined under 42 U.S.C. § 12102(1)(A). His complaint likewise fails to state a record-of disability under 42 U.S.C. § 12102(1)(B). To state a record-of disability, Fierro's complaint must allege facts from which the Court can reasonably infer not only that he has a record of an impairment, but also that his impairment substantially limits one or more of his major life activities.[4] 29 C.F.R. § 1630.2(k); *Dupre v. Charter Behavioral Health Sys. of Lafayette Inc.*, 242 F.3d 610, 615 (5th Cir. 2001). His complaint fails to do either.

Second, Fierro's allegation that his cancer is an ADAAA disability is deficient for another reason. In an ADAAA case, "the relevant time for assessing the existence of a disability is the time of the adverse employment action." *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 618 (5th Cir. 2009). But the time of the adverse employment action for purposes of Fierro's failure-to-accommodate claim is far from clear. To illustrate, in the EEOC charge of discrimination, Fierro avers that he was not provided with reasonable accommodations since February 2011 through July 20, 2011 (the alleged date of his discharge). Compl. 10. However,

---

[3] "'Major life activities' are those activities that are of central importance to daily life." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011) (internal quotation marks and citation omitted). The EEOC regulations define "major life activities" as including such activities as "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2(i)(1)(i).

[4] *See* 29 C.F.R. § 1603.2(k)(3) ("An individual with a record of a substantially limiting impairment may be entitled, absent undue hardship, to a reasonable accommodation if needed and related to the past disability. For example, an employee with an impairment that previously limited, but no longer substantially limits, a major life activity may need leave or a schedule change to permit him or her to attend follow-up or "monitoring" appointments with a health care provider.").

his complaint appears to allege Knight failed to provide reasonable accommodations during the period between May 16, 2010, and March 24, 2011. *Id.* at 2. Although he alleges that in January 2010, he was diagnosed with a "lump (mass)" in his mouth, it was not until around May 6, 2011, when that lump was determined to be cancerous. *Id.* at 3, 5. Accordingly, Fierro's complaint fails to sufficiently allege facts to support an inference that from the onset of his alleged disability—whether March 2010, February 2011, or another date, whichever is accurate—the lump and/or his cancer was an impairment that substantially limited his major life activities or he had a record of such an impairment.

Third, Fierro's complaint also fails to make the requisite factual allegations to plausibly suggest that Knight "had notice of the disability and failed to provide accommodation." *See Lyons*, 68 F.3d at 1515; *Mzyk*, 397 F. App'x at 16 n.3. An employer's conduct cannot be discriminatory on the basis of a disability, if the employer was not aware of the existence of such a disability. *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 163 (5th Cir. 1996). His complaint alleges that on May 6, 2011, he advised Ruiz that he "needed to have a more evasive surgery because the mass turned out to be a malignant cancer." Compl. 5. Assuming that Fierro can allege facts to suggest that his cancer substantially limits a major life activity, the fact alleged only support an inference that on and after May 6, 2011, Knight was on notice of his disability. Although Fierro allegedly asked Knight to provide reasonable accommodations for his disability since as early as January 2010, it is not clear from his complaint whether Knight knew that he had a disability during the relevant period (whatever that may be) of his alleged disability, prior to May 6, 2011. *See Champagne v. Servistar Corp.*, 138 F.3d 7, 14 (1st Cir. 1998) ("That [defendant] voluntarily decided to [accommodate plaintiff] for a period of time does not establish

that [the plaintiff] was disabled or that [the accommodation] was a required reasonable accommodation.").

Finally, his complaint fails to articulate how Knight failed to accommodate his disability. For example, he asserts that on January 20, 2010, he saw a surgeon, who advised that he needed a surgery, but Knight "made it impossible" to schedule a surgery. Compl. 3. Fierro, however, does not allege how and in what ways Knight did so. He avers that on several occasions, he rescheduled his appointments for the surgery, but he fails to allege how Knight's action, if any, caused him to reschedule. According to him, he scheduled the surgery on "August 17 or so," but had to reschedule it for "September 16 or so," because Knight "made follow up visits virtually impossible." *Id.* He states that "he requested leave," but "ended up missing the appointment." *Id.* On September 16, 2010, he flew to Phoenix to undergo a surgery, but "[u]nfortunately things did not go as planned, [and he] was forced to fly back to El Paso." *Id.* at 3–4. Finally, in April 2011, he advised Ruiz that he would undergo surgery on April 28, 2011. In describing each of the events, Fierro fails to sufficiently allege whether Knight declined his requests for leave to visit doctors or how Knight made it onerous on him to visit doctors—whether to undergo surgery or to follow up. Nor does he allege on how many occasions Knight denied his requests for leave. Absent such allegations, Fierro's narrative of these events are more consistent with an inference that his failure to timely visit doctors was not the result of any failure by Knight to accommodate his alleged disability, but of some other circumstances.

For the above-mentioned reasons, Fierro's complaint fails to state a failure-to-accommodate claim.

## 2. Discriminatory Discharge

The ADAAA provides that no covered employer shall "discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees." 42 U.S.C. § 12112(a). To state a claim for discriminatory discharge under the ADAAA, Fierro must allege facts from which the Court can plausibly infer that (1) he is disabled within the meaning of the ADAAA, (2) he is qualified and able to perform the essential functions of his job, and (3) his employer, Knight, fired him because of his disability. *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010) (*per curiam*).

As an initial matter, the Court notes that in his complaint Fierro does not state that Knight discriminated against him by discharging him "because of the disability." However, in his charge of discrimination filed with the EEOC, he makes such an allegation. Compl. 10. Therein, he alleges that "[o]n or around July 20, 2011, I was discharged from my position of Over-The-Road Driver" and explains that "[n]o suitable reason [was] given" for his discharge. *Id.* at 10–11. He goes on to state, "I was told that I was discharged because I had exhausted all of FMLA (Family Medical Leave Act)." *Id.* at 11. Mindful that Fierro is preceding *pro se*, the Court construes his complaint and the EEOC documents attached thereto, as asserting a claim for discriminatory discharge on the basis of disability. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief." (internal quotation marks and citation omitted)), *cited in Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1998); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) ("Unless the frivolousness of a claim is facially apparent, it is incumbent upon the court to develop the case and to sift the claims and

known facts thoroughly until completely satisfied either of its merit or lack of same." (internal quotation marks and citation omitted) (discussing *pro se* pleadings)).

Moreover, unlike a failure-to-accommodate claim, a discriminatory discharge claim may rest on a regarded-as disability under 42 U.S.C. § 12102(1)(C). *Compare* 29 C.F.R. § 1630.2(k), *with* § 1630.2(g)(3) ("Where an individual is not challenging a covered entity's failure to make reasonable accommodations and does not require a reasonable accommodation, it is generally unnecessary to proceed under the 'actual disability' or 'record of' prongs. . . . In these cases, the evaluation of coverage can be made solely under the 'regarded as' prong of the definition of disability."). Under this prong, to state a disability, Fierro need only plead facts to support an inference that Knight perceived him as having an "impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

As noted *supra*, Fierro asserts that on May 6, 2011, he advised Ruiz that "the mass turned out to be a malignant cancer." Compl. 5. Taking his allegation as true, it is reasonable to infer that prior to his discharge on July 20, Knight perceived him as having cancer, which is an impairment under the regulations. *See Ellison*, 85 F.3d at 190. To be sure, Knight's allegedly stated reason for Fierro's discharge that his FMLA allowance was exhausted is consistent with his assertion that "at age 43 doctor's visits were becoming more common." Pl.'s Resp. to Mot. to Dismiss 1, ECF No. 19. The temporal proximity between the date on which Knight was allegedly informed of Fierro's cancer and the date on which Fierro was allegedly discharged, however, gives rise to a "more likely explanation," *Iqbal*, 556 U.S. at 681–82, that Knight discharged him because of his cancer. Accordingly, to the extent Fierro asserts a claim for discriminatory discharge because of his disability, his complaint states a claim.

**B. Plaintiff's Title VII and ADEA Claims Against Knight**

**1. Title VII**

Fierro alleges that Knight discriminated against him because of his sex.[5] Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex. . . ." 42 U.S.C. § 2000e-2(a)(1).

In support, he makes the following factual allegations. On March 23, 2011, he went to the office of Perez, his supervisor, to turn in a doctor's note. Perez was on the phone with one Rocky, whom Fierro describes as the planner (presumably his job function includes scheduling trucking route and load planning). Compl. 2. Rocky asked Perez whether there was a driver available for a delivery of a load, and Perez responded in the affirmative, mentioning Fierro. *Id.* at 3. Fierro however related to Perez that he had a doctor's appointment for some lab work. *Id.* Perez then informed Rockey that Fierro had to go to a doctor's appointment. *Id.* Rockey responded: "Another doctor's appointment? What? Does this driver have AIDS?" *Id.* According to Fierro, this "derogatory comment" was heard by several employees in the office and they "burst out in laughter" (the speaker of the phone was on). *Id.* Fierro was upset and angry at that comment. *Id.* In his responsive brief, he explains that this comment was the basis of his Title VII claim against Knight. Pl.'s Resp. to Mot. to Dismiss 4. He further elaborates that the comment had a "sexual connotation" and concludes that it was discriminatory based on his "sexual orientation." *Id.* He adds: "Should a person of a particular sexual orientation have more rights than a heterosexual? Or is Plaintiff to interpret that someone with AIDS is treated

---

[5] In his complaint, Fierro initially alleged discrimination on the basis of "race, color, sex, religion, or national origin." Compl. 1. However, in his brief responding to Knight's motion, he clarifies that he intends to allege "sex" as the only basis of his claim. Pl.'s Resp. to Mot. to Dismiss 4.

differently due to his condition, thus an ordinary person is i.e. discriminated on the basis of his SEX." *Id.*

Taking Fierro's allegations as true, the Court finds that the comment does not reflect a discrimination because of sex. To the extent that he construes the comment as discriminatory on the basis of "sexual orientation," his claim fails. Title VII discrimination is not cognizable on the basis of a person's sexual orientation. *Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1222 (10th Cir. 2007); *Richardson v. BFI Waste Sys. of N. Am., Inc.*, 232 F.3d 207, 2000 WL 1272455, at *1 (5th Cir. 2000). Consequently, Fierro's complaint fails to state a Title VII claim.

## 2. ADEA

Fierro, who is forty-three years old, also brings an ADEA claim. Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The essential element of an ADEA claim is that his "age was the 'but-for' cause of the challenged employer decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quotation marks and citation omitted). His complaint however is devoid of any factual allegations that may support an ADEA discrimination. He explains in his responsive brief that "being denied to utilize health care falls under . . . the ADEA." Pl.'s Resp. to Mot. to Dismiss 3. He appears to assert that Knight's denial of his requests for various accommodations constitutes a discrimination in violation of the ADEA. However, nowhere in his complaint does he allege facts that plausibly (even possibly) suggest that his age was the "but for" cause of Knight's alleged refusal to grant his requests for accommodations. Accordingly, his complaint fails to state an ADEA claim.

### C. Plaintiff's Claims Against Individual Defendants

In addition to naming Knight, Fierro named as defendants Miguel Borrego, Rick Perez, David Payne, and Teresa Ruiz. These defendants have filed a motion to dismiss for improper process and improper service of process—which is currently pending before this Court. Although they have not filed a motion to dismiss pursuant to Rule 12(b)(6), the Court will *sua sponte* review Fierro's complaint to ascertain whether it states a valid claim against them. This is because Fierro was granted permission to proceed *in forma pauperis* in this action. Section 1915 of Title 28, United States Codes, instructs that a court "shall" dismiss an *in forma pauperis* complaint at *any time*, if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Further, on this ground, the court may *sua sponte* dismiss the complaint, even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).[6] In determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts engage in the same analysis as when ruling on a motion for dismissal under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (*per curiam*).

As with Defendant Knight, Fierro's complaint asserts claims against these individuals under Title VII, the ADAAA and the ADEA. In his responsive brief, however, Fierro explains that "[t]he case is largely about Knight Transportation, Inc." Pl.'s Resp. to Mot. to Dismiss 1. His complaint moreover reveals that these individual defendants are his supervisor, manager, or

---

[6] *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) (*per curiam*) (unpublished) (stating service on defendants is not required before dismissing an action for failure to state a claim (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (noting § 1915A, like § 1915(e)(2), "clearly does not require that process be served or that plaintiff be provided an opportunity to respond before dismissal"))).

co-workers. Such individuals may not be held liable under Title VII, the ADAAA, or the ADEA; only an "employer" as defined under these Acts may be liable. *Silk v. City of Chi.*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (noting "the ADA provides only for employer, not individual, liability."); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) (concluding that "title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer.'"); *Stults v. Conoco, Inc.*, 76 F. 3d 651, 655 (5th Cir. 1996) (reaching same result in ADEA context). Accordingly, as a matter of law, Fierro's complaint fails to state a claim against the individual defendants.

### D. Summary of Claim Analysis

As discussed above, Fierro's ADAAA claim for discriminatory discharge (to the extent he wishes to assert such a claim) states a claim. His other claims against Knight –namely, his ADAAA claim for failure to accommodate his disability, his Title VII claim, and his ADEA claim fail to state a claim because of the deficiencies noted above, and therefore, those claims are amenable to dismissal without prejudice. Nevertheless, our appellate court's long standing view is that "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (*per curiam*). *See also Peña v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1998) ("Because [Rule 12(b)(6)] dismissals [of *pro se* complaints] are disfavored, a court should grant a *pro se* party every reasonable opportunity to amend."). In light of Fierro's responsive brief, the Court is of the opinion that he has not pleaded his "best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). Moreover, the Court notes that Knight moves, in the alternative, for a more definite statement. Accordingly, the Court will *sua sponte* grant

Fierro an opportunity to file an amended pleading to allege sufficient facts in support of his claims against Knight under Title VII, the ADAAA, and the ADEA.

However, as to his claims against the individual defendants under Title VII, the ADAAA, and the ADEA, the Court will dismiss such claims without prejudice for failing to state a claim upon which a relief can be granted—because these claims, as alleged, fail as a matter of law. Should Fierro be able to allege a viable claim against these defendants, he may seek the Court's leave to amend his complaint in order to pursue such a claim prior to any deadline for amending pleadings set forth in this Court's scheduling order.

## IV. CONCLUSION

For the foregoing reasons, the Court enters the following order:

**IT IS HEREBY ORDERED** that Defendant Knight Transportation, Inc.'s "Motion to Dismiss for Lack of Subject Matter Jurisdiction [and] For Failure to State a Claim upon Which Relief Can Be Granted and in the Alternative, Motion for a More Definite Statement" (ECF No. 16) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Daniel S. Fierro's claims under Title VII, the ADAAA, and the ADEA against Defendants Miguel Borrego, Rick Perez, David Payne, and Teresa Ruiz are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff Daniel S. Fierro's ADAAA claim for failure to accommodate his disability,[7] Title VII claim, and ADEA claim against Defendant Knight Transportation, Inc. are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FINALLY ORDERED** that Plaintiff Daniel S. Fierro is **GRANTED LEAVE TO FILE** an amended complaint on or before **October 9, 2012**, to replead his claims against Defendant Knight Transportation, Inc. The amended complaint must, at a minimum, plead facts

---

[7] Plaintiff's claim of discriminatory discharge under the ADAAA, however, is not dismissed.

-15-

with sufficient specificity to **CURE** the deficiencies noted by the Court in this Order. Additionally, in the event Plaintiff has not intended to allege a claim for discriminatory discharge under the ADAAA against Defendant Knight Transportation, Inc., Plaintiff should **CLARIFY** such intent.

So **ORDERED and SIGNED** this **18th** day of **September, 2012**.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE